JASON FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
ALLISON REESE
Nevada Bar Number 13977
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: allison.reese@usdoj.gov
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-cr-00024-CDS-EJY |
| Plaintiff, | **Stipulation for a Protective Order** |
| vs. | |
| JAVIER GONZALEZ, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential personal identifying information of individuals referenced in the discovery. The parties state as follows:

1. On February 2, 2022, a grand jury returned an indictment charging the Defendant with one count of Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2). ECF No. 1.

2. The trial is currently set for June 27, 2022. *See* ECF No. 22.

3. The indictment in this case stems from an officer involved shooting in a residential neighborhood. The Government has already produced redacted discovery of approximately 964 Bates-stamped items to defense counsel, all of which the Defendant has access to review and obtain copies of all redacted discovery produced by the Government to defense counsel.

4. The discovery also contains an extensive amount of body worn camera that contains a lot of personal identifying information of witnesses and victims, such as names, social security numbers, birthdates, addresses, and telephone numbers. Specifically, the government has 70 media files of body worn camera related to the case, some of which exceed over an hour of footage that need to be reviewed prior to production to redact any personal identifying information of victims and/or witnesses. The Government intends to review the media files, redact the files as necessary, and provide a redacted copy to the Defendant in due course for the Defendant's personal review of the discovery. However, due to the high volume of media files, the Government is unable to produce the discovery at the current time.

5. The parties are seeking a protective order to allow the attorney for the Defendant access to the media as soon as possible. As such, the parties stipulate to a protective order of the protected material for the Government to produce unredacted copies of the media to defense counsel.

6. The release of such information to the public or third parties not involved in the case could endanger the privacy of those individuals and also subject them to potential misuse of their identities. This confidential personal identifying information is referred to here as the "Protected Information."

7. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, and any

personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

8. The Covered Individuals shall be advised of the Protective Order, and, without leave of the Court, the Covered Individuals shall not:

   a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

   b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

   c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment for any purpose or any further superseding indictment arising out of this case; or

   d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

9. The Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with the Defendant is fully redacted of any Protected Information.

10. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

11. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

12. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

13. The defense hereby stipulates to this protective order.

**DATED** this 28th day of April, 2022.

Respectfully submitted,

For the United States:

/s/ *Allison Reese*
ALLISON REESE
Assistant United States Attorney

For the Defense:

PITARO & FUMO

/s/ *Dustin Marcello*
DUSTIN MARCELLO
Attorney for JAVIER GONZALEZ

Dated this 26th day of May, 2022.

**IT IS SO ORDERED:**

_____
Honorable Cristina D. Silva
United States District Judge